UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE CAPE FC, LLC, an Indiana limited liability company,

Plaintiff,

v. Case No.: 2:26-cv-1049-SPC-NPM

BAKER BARRIOS ARCHITECTS, INC., a Florida profit corporation,

Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on Defendant Baker Barrios Architects, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15) and Plaintiff The Cape FC, LLC's response in opposition (Doc. 24). For the reasons below, the motion is denied.

**Background**

Plaintiff is the owner/developer of a luxury mixed-use, multi-family commercial development in Cape Coral, Florida. (Doc. 9 ¶ 12). The parties entered a contract wherein Defendant agreed to serve as the project's architect-of-record. (*Id.*). Defendant allegedly breached the contract in numerous ways while the project was ongoing. (*See id.* at 4–10). Plaintiff then filed this action, alleging claims for breach of contract and professional negligence. (Docs. 1, 9).

Defendant moves to dismiss, arguing that a statute of limitations bars Plaintiff's claims. (Doc. 15).

## Legal Standard

It is well settled that "[a] statute of limitations bar is an affirmative defense and plaintiffs are not required to negate an affirmative defense in their complaint." *Beach Comm. Bank v. CBG Real Estate LLC*, 674 F. App'x 932, 934 (11th Cir. 2017) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). Courts thus grant a motion to dismiss on statute of limitations grounds "only if it is apparent from the face of the complaint that the claim is time-barred." *Id.* at 934 (citation omitted). And "a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendant's favor." *Clements v. 3M Elec. Monitoring*, No. 2:16-CV-776-FTM-38CM, 2017 WL 4326618, at *2 (M.D. Fla. June 29, 2017) (citing *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003)).

## Discussion

The parties agree that this action is governed by Section 95.11(b), Florida Statutes,[1] which provides a four-year statute of limitations for: "An action

---

[1] Defendant's citations to Section 95.11(c), Florida Statutes, appear to be typographical errors.

founded on the design, planning, or construction of an improvement to real property, with the time running from the date the authority having jurisdiction issues a temporary certificate of occupancy, a certificate of occupancy, or a certificate of completion . . . whichever date is earliest[.]"[2] *Id.* Here, the earliest date was February 25, 2026, when the final certificate of occupancy was issued. (Doc. 9 ¶ 38.) Thus, this lawsuit, filed on April 6, 2026, is timely. (*See* Doc. 1).

Defendant's sole argument is that the contract's accrual clause renders Plaintiff's claims untimely. (Doc. 15 at 1–3). That clause states in relevant part that all actions arising out of the contract must be brought "within the period specified by applicable law, except that causes of action against the [Defendant] shall be deemed to have accrued, and the applicable statutes of limitations shall commence, on the date the [Plaintiff] discovers the basis for the cause of action[.]" (*See* Doc. 9-1 at 61). Defendant argues that because Plaintiff's claims accrued on December 14, 2021, the Complaint, filed in April 2026, is untimely. (Doc. 15 at 1–3).

Plaintiff argues that the contract's accrual clause is void under Section 95.03, Florida Statutes, which states: "Any provision in a contract fixing the

[2] When sitting in diversity jurisdiction, the Court applies the substantive law of the forum state. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).

period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void." *Id.* (Doc. 24 at 7–10). Thus, Plaintiff asserts its claims are timely under Section 95.11(b). (*See id.*). The Court agrees.

District courts in the Eleventh Circuit have found similar accrual clauses void where, as here, they effectively shorten the limitations period provided under Florida law. *See, e.g.*, *Gevinson v. Unum Life Ins. Co. of Am.*, No. 6:10-CV-0003-ORL-19KRS, 2011 WL 13324485, at *11 (M.D. Fla. Oct. 6, 2011) ("By imposing an accrual date . . . that is earlier than the accrual date provided for under Florida law . . . , the "Legal Actions" provision of the Policy . . . runs afoul of Florida Statute, § 95.03, and is void."); *Coalition for Indpt. Living Options, Inc. v. Philadelphia Indemnity Ins. Co.*, Case No. 10-CV-81479-RYSKAMP/VITUNAC, 2011 WL 13227820, at *2 (S.D. Fla. Jan. 12, 2011) (denying motion to dismiss because "the policy provision requires an action to be brought within five years from the date of loss rather than from the time of the breach. By modifying the accrual date, this clause, in effect, shortens the statutorily provided statute of limitations period . . . § 95.03 renders the provision unenforceable because the provision shortens the limitations period

in violation of the statute."). Defendant cites no relevant authority to the contrary.[3]

Here, as in the above cases, the accrual provision effectively shortens the statute of limitations because it sets the accrual date as "the date the [Plaintiff] discovers the basis for the cause of action," which in this case was before the issuance of "a temporary certificate of occupancy, a certificate of occupancy, or a certificate of completion[.]" (*See* Doc. 9-1 at 61). *See also* Fla. Stat. § 95.11(b). Thus, the accrual clause in the contract is void under Section 95.03, and Plaintiff's claims are timely.

Accordingly, it is

**ORDERED:**

(1) Defendant Baker Barrios Architects, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15) is **DENIED**.

(2) Defendant must answer the Amended Complaint on or before September 14, 2026.

**DONE** and **ORDERED** in Fort Myers, Florida on August 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

[3] Defendant's reliance on out-of-state cases is misplaced because they do not apply Florida law. (Doc. 15 at 5–7).